## WASHINGTON COUNTY.

OCTOBER AND NOVEMBER TERM, 1884, No. 4.     OCTOBER 20, 1884.

## Scott *v.* Ames.

1. A rule of court provided that in an action of ejectment, plaintiff may rule defendant "to give him an abstract of the title under which he defends, and a specification of all special facts and equitable matter which he intends to rely upon," and if he neglects to furnish the same, "he shall not be permitted on the trial to set up any title in defense." Under this rule defendant furnished an abstract of title and special matter. *Held*, that an omission to state that the defendant relied upon a title by continuous adverse possession for twenty-one years, precluded him from setting up such title in defense.

2. Where defendant in ejectment had given in evidence a deed by plaintiff to a third person, made before suit brought in order to show want of title, parol evidence by plaintiff in rebuttal to prove that the land in suit was not intended to be included within the boundaries given in the deed was admissible.

Before MERCUR, C. J.; GORDON, TRUNKEY, STERRETT, GREEN, and CLARK, JJ.; PAXSON, J., absent.

Error to the Court of Common Pleas of *Washington County*.

Ejectment by Arthamer Ames against A. D. Scott for lot of ground situate in West Pike Run township, containing one quarter of an acre, more or less. Plea, not guilty.

Under the rule of court providing that "the plaintiff in like manner may have a rule on defendant to give him an abstract of the title under which he defends, and a specification of all special facts and equitable matter which he intends to rely upon ; and if he neglects to furnish the same on or before the first day of the next term after ten days' service of the rule as aforesaid, he shall not be permitted to set up any title in defense," the plaintiff took a rule on defendant to file an abstract of title and a specification of all special facts and equitable matters upon which he intended to rely. The defendant thereupon filed an abstract of title and special matter, which contained no statement that he intended to claim title by continuous adverse possession for twenty-one years.

Upon the trial in the court below, before HART, J., the following facts appeared :

William Beall, by deed dated December 25, 1872, conveyed to Arthamer Ames two tracts of land containing twenty-four acres, more or less. The land sought to be

recovered in this suit was included in that deed.   Defendant gave in evidence deed dated March 3, 1882, (two months prior to bringing this suit,) by which Arthamer Ames and wife conveyed to John Yorty:

"All the following described tract of land situated·in West Pike Run township, bounded by land of Isaac Thompson, John Duvall, William Allen, and A. D. Scott, making the road that goes from the National road to the Pike Run road the line between Arthamer Ames and the said Yorty, containing twenty-four acres, more or less, being the same property as purchased at sheriff's sale by William Beall and conveyed by him to Arthamer Ames by deed dated December 25, 1872, and recorded in book S, Vol. V, page 501."

Defendant offered to prove that the defendant and those under whom he claims have been in continuous adverse possession for twenty-one years or more.

Objected to by plaintiff for the reason that under the rule of court they have not notified the plaintiff of the evidence in their bill of particulars.

Offer overruled.   Exception by defendant.

The plaintiff offered to show in rebuttal the location of the road referred to in said deed of Ames to Yorty, with reference to the land therein mentioned, and that said road intersects said land, cutting off a small· portion thereof from the twenty-four acres, more or less, it being the land in dispute, for the purpose of showing that the disputed land was not included in the deed from Ames to Yorty.

Objected to as incompetent and irrelevant, the plaintiff having already parted with his interest in the land deeded to him by William Beall by his conveyance of March 3, 1882, to John Yorty.

Objection overruled.   Exception by defendant.

Defendant's counsel presented the following point for charge:

"The Court is respectfully requested to instruct the jury that there is no exception or reservation in the deed from the plaintiff to Yorty put in evidence by the defendant; that all the right, title, and interest of the plaintiff to the land in dispute passed to Yorty by the deed aforesaid, and that consequently the verdict must be for the defendant."   Refused.

The Court thereupon charged the jury, *inter alia*, as follows:

"The title that is held by the plaintiff overlaps a certain road, and extends into a field which is in possession of Mr. Scott; and the disputed tract is inclosed by Mr.

[Scott *v.* Ames.]

Scott's fence. There is no doubt of that, gentlemen, from the evidence. It is a very small piece of ground, containing less than a quarter of an acre, but it lies in Mr. Scott's field. Now, then, under the circumstances, the plaintiff is entitled to recover here, he holding the older title to this piece of ground, if you are satisfied that is the case—that this piece of ground is inclosed in Mr. Scott's field, and is not included in the conveyance made by the plaintiff to John Yorty before the bringing of this suit. [Now, I instruct you that if you believe the evidence in regard to the location of the disputed piece of ground, and there don't seem to be any doubt about it—that it is not included in the deed from Arthamer Ames to John Yorty, and therefore that it still belongs to Mr. Ames, your verdict should be for the plaintiff for the land in dispute.]"

"There is no question here in regard to the Statute of Limitations; and you are confined to the one point. [If you believe that this land in dispute lies between Mr. Yorty's ground and Mr. Scott's according to the deed of conveyance from Ames to Yorty, why, that little piece of ground was reserved and belongs to the plaintiff, and he is entitled to your verdict in this action. Your verdict should be simply for the plaintiff for the land in controversy.]"

September 21, 1883, verdict for plaintiff, upon which judgment was afterwards entered.

The defendant then took out a writ of error, and assigned as error the refusal of defendant's offer, and admission of plaintiff's offer of evidence as above stated, the answer to the point, and the parts of the charge inclosed between brackets.

*J. L. Judson* and *Dougan & Todd* for plaintiff in error.

The only effect of omitting to give notice of special matter is to confine the defense to the general matters under the pleas on the record: Ege *v.* Medlar, 1 Nor., 101; Moyer *v.* Fisher, 12 Har., 515; Snyder *v.* Bauchman, 8 S. & R., 336; Black *v.* Tricker, 2 P. F. Sm., 436; Patterson *v.* Brindle, 9 Watts, 99. The defense of the Statute of Limitations was therefore admissible under the plea of "not guilty."

Where the description of the subject-matter conveyed is defective, uncertain, or too general to be understood, explanatory evidence is admissible: Best *v.* Hammond, 5 P. F. Sm., 409. But where a subject-matter exists which will satisfy the terms of the instrument of conveyance, the explanatory evidence is inadmissible: Starkie

[Scott *v.* Ames.]

on Ev., 693; Wusthoff *v.* Dracourt, 3 Watts, 240; Harvey *v.* Vandegrift, 8 Nor., 346; Appel *v.* Byers, 2 Out., 479. The land conveyed to Yorty is identified by the deed, hence parol evidence was inadmissible: 1 Greenleaf Ev., sec. 297; Wright *v.* Weakly, 2 Watts, 89.

An exception out of a grant ought to be stated and described fully and accurately: Bouv. Law Dict., tit. Exception, 1 Greenleaf Ev., sec. 297.

*John L. Gow* for defendant in error.

The argument that the defense is admissible under the general issue would render the rule of court inoperative and of no effect. The cases referred to decide that the defendant will not be allowed to give affirmative evidence in support of his plea, but will merely be allowed to repel the case of the plaintiff: Moyer *v.* Fisher, 12 Har., 515; Black *v.* Tricker, 2 P. F. Sm., 436; Daniel *v.* Wilver, 12 Har., 516.

No exception of the one fourth acre was made or intended. It was not embraced in the conveyance to Yorty, and this may be shown by locating the boundaries: McClenahan *v.* Humes, 1 Casey, 87. The recital is descriptive of the title only: Chaplin *v.* Srodes, 7 Watts, 410.

The question whether the land in controversy was embraced in the deed could only be determined by parol testimony: Hoffman *v.* Danner, 2 Harris, 28; Collins *v.* Rush, 7 S. & R., 147.

NOVEMBER 3D, 1884.—PER CURIAM: The rule of court requiring a bill of particulars to be furnished is a just and wise one, and it was properly enforced in this case. No valid reason was given for the omission to state in the bill the title attempted to be given in evidence. No request was made for leave to amend the bill. The evidence was properly refused. The reference in the deed to "the road, that goes from the National road to the Pike Run road" as one of the boundaries of the land conveyed, made the parol evidence proper. The object thereof was not to establish that the land in question was technically excepted out of the land conveyed, but to prove that it was not intended to be included within the boundaries given in the deed.

Judgment affirmed.